## MARKS *v.* STATE.

Jan. 26, 1953

No. 38594         17 Adv. S. 22         62 So. 2d 392

*E. L. Lamar,* for appellant.

*Geo. H. Ethridge,* Assistant Attorney General, for appellee.

HOLMES, J.

The appellant was indicted, tried, and convicted in the Circuit Court of the First Judicial District of Chickasaw County, on a charge of assault and battery with intent to kill and murder one James Oxendine by shooting him with a rifle. He was recommended to the mercy of the court by the jury and was sentenced by the court to imprisonment in the state penitentiary for a term of two years.

The appellant is a young man about 21 years of age. The victim of the assault is of about the age of 25 years, and is an ex-paratrooper who served and was wounded in Korea, and who, at the time of the difficulty, was employed as a football coach at the Vardaman High School. He and the appellant are connected by marriage. The difficulty occurred on a Sunday afternoon in a rural section of Chickasaw County on the 3rd day

of February, 1952, near the home of appellant. Shortly prior to the difficulty, the appellant and his wife were visiting in the home of appellant's mother about three hundred yards from the scene, and the victim and his wife were at the home of his father-in-law in the vicinity.

The state's proof showed substantially the following: Oxendine had heard that the appellant had been making derogatory remarks about him and he sent young Adrian Barnett, a boy of about the age of 13 years and a relative of the appellant, to tell the appellant that there was a man down at his home who wanted to see him, but not to tell him who the man was. The young boy delivered the message and shortly thereafter the appellant and his wife drove up in a truck and stopped the truck on the side of the road near appellant's home. At that time Oxendine had gone to Fred Barnett's home and was standing in the yard on the side of the road opposite from appellant's home. Appellant got out of his truck with a stick in each hand and, addressing the appellant, said: "Do you want hell beat out of you?" Oxendine replied, quite naturally, that he did not, and then called to his wife to bring him a stick with which to defend himself. Appellant then went into his house and came out with a rifle, and, applying a vile epithet to Oxendine, told him to run or he would shoot him. Oxendine replied that he would not run, that he had been in Korea. Appellant then fired at Oxendine, the bullet striking him in the chest and lodging in his liver. The state's witness, Adrian Barnett, testified that at the time the shot was fired, Oxendine had an open knife in his hand but was not advancing on appellant. Other witnesses for the state testified that at the time the shot was fired Oxendine had nothing in his hand and was making no advances on the appellant. Some of the state's witnesses testified that at the time of the shooting, the parties were about twenty or thirty feet apart and that appellant was on one side of the road and Oxendine on the other.

Some several hours after the shooting, the appellant, while under arrest and in the custody of the officers, signed a written statement which was witnessed by the sheriff, a deputy sheriff, and a Methodist minister, in which he said he was about sixty feet from Oxendine when he shot him and that they were on opposite sides of the road, and that at the time he fired·Oxendine was making no "move" towards him. The statement was shown to be freely and voluntarily made.

On the other hand, two uncles of the appellant testified that at the time the appellant shot Oxendine, the latter was advancing on him with an open knife in one hand and a stick in the other.

Appellant contends that the court erred in overruling his motion to exclude and direct a verdict for the appellant at the close of the state's case, and in refusing appellant's request for a peremptory instruction at the close of all of the evidence, and further, that the verdict is contrary to the overwhelming weight of the evidence. We do not think that either of these contentions of the appellant is tenable. The evidence for the state clearly established the guilt of the appellant. The evidence as a whole created an issue of fact for the jury and the verdict of the jury is amply supported by the evidence.

Appellant further contends, however, that the trial court erred in permitting the witness Pearlie Mae Barnett to testify that immediately after the shooting the wife of the victim exclaimed, "Oh, S. T. shot James . . . I will blow my brains out", and that the appellant replied thereto, "God dam you, I will blow your brains out". We think this testimony was competent as tending to show the state of mind of the appellant at the time and that the court committed no error in admitting it. Morris v. State, 182 Miss. 763, 183 So. 694.

Appellant also complains that the trial court erred in overruling his motion for a mistrial, based upon claimed improper and prejudicial questions propounded

by the prosecuting attorney in the course of cross-examination and to which appellant objected. Appellant's objection was sustained and the court instructed the jury not to consider the question to which the objection was specifically directed. We are of the opinion that the incident resulted in no prejudice to the appellant.

Upon a full examination of the entire record, we find no reversible error therein and are of the opinion that the judgment of the court below should be and it is affirmed.

Affirmed.

*McGehee, C. J.,* and *Hall, Arrington,* and *Lotterhos, JJ.,* concur.